**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WILLIAM AMBROSE,

    Plaintiff,

vs.                                              Case No. 3:13-cv-332-J-32MCR

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

---

**ORDER ON PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES**

This case is before the Court on Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 21). The motion represents that the Commissioner is unopposed.

Based upon the application and supporting itemization and the Court's independent review, the Court makes the following legal and factual findings:

(1) Attorney's fees are authorized in this action because plaintiff, having obtained a sentence four remand/reversal of denial of benefits, is a "prevailing party," Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993); the Commissioner's position here was not substantially justified; the plaintiff had a net worth of less than $2,000,000 at the time the complaint was filed and there are no special circumstances which would make the award unjust. See 28 U.S.C. §2412(d); Commissioner, I.N.S. v. Jean, 496 U.S. 154, 158 (1990).

(2) The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that

attorney's fees shall not exceed $125 per hour <u>unless</u> the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. §2412(d)(2)(A). The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. §406(b)(1). There is no contention here that the claimed fee would exceed that amount.

(3) The Court accepts plaintiff's contention that a statutory cost of living adjustment is appropriate in the hourly rate and the Court will award fees based on plaintiff's proposed hourly rate of $186.03 for calendar year 2013.

(4) Plaintiff seeks an award based on 5 hours of attorney time.[1] Upon review of plaintiff's counsel's time records, the Court finds the time spent is reasonable.

(5) The Court finds that $930.15 ($186.03 x 5 hours) is a reasonable fee in this case (plaintiff proceeded in forma pauperis and did not incur costs).

(6) The motion includes an executed assignment from plaintiff authorizing the Commissioner to pay the attorney fees directly to plaintiff's counsel. <u>See</u> Doc. 21 at Ex. B. Once the U.S. Department of Treasury is satisfied that plaintiff does not owe a federal debt, the Commissioner is authorized to pay the attorney fees directly to plaintiff's counsel.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 21) is **GRANTED** and the Clerk shall enter judgment in favor of plaintiff and against

---

[1] Plaintiff's motion represents that 6 hours were expended but the amount of time on the attached affidavit of attorney's time only adds up to 5 hours.

defendant in the amount of **$930.15** in attorney's fees.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of August, 2013.

／s／
TIMOTHY J. CORRIGAN
United States District Judge

s.

Copies to:

N. Albert Bacharach, Jr., Esq.
John F. Rudy, III, Esq. (AUSA-Tampa)